BENJAMIN B. WAGNER
United States Attorney
ALYSON A. BERG
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Defendant DEPARTMENT OF VETERANS AFFAIRS
erroneously sued herein as VETERANS ADMINISTRATION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES JAMES OUZOUNIAN and GLENDA OUZOUNIAN,<br><br>Plaintiffs,<br><br>v.<br><br>VETERANS ADMINISTRATION and, DOES 1 to 10,<br><br>Defendant. | 1:10-cv-00349 OWW/SMS<br><br>**PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF HEALTH INFORMATION** |

To expedite the flow of information in the action entitled Harris v. Ouzounian, et al., Fresno County Superior Court Action No. 09CECG01257 DSB (the "State Court Litigation") and to protect Denise Harris' individually identifiable health information entitled to be kept confidential, and to ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority and with the consent of the parties, ORDERED:

(1) Production of Health Information By The United States That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. §§ 164.102-164.534, or to 42 U.S.C. § 1306, HIPPA or Other Privacy Protections.

The Department of Veterans Affairs ("VA") may produce certain individually identifiable health information (defined as health information that is connected to Denise Harris, including her address, Social Security number or other identifying number) to the State Court defendants, pursuant to defendants' requests. The information produced may be subject to the provisions of

the Privacy Act, 5 U .S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102-164.534, or to the provisions of 42 U .S.C. § 1306. The information produced may also be protected by the Health Insurance Portability and Accountability Act of 1996 and implementing regulations at 45 C.F.R. Parts 160 and 164 (collectively "HIPPA"). The VA shall produce these documents unredacted to the State Court defendants. Upon producing these documents to the defendants, the VA shall designate them as "confidential" in the manner set forth in paragraph 2, below. The parties in the State Court litigation, including defendants' counsel and their personnel, may use these documents only for purposes of the State Court Litigation, and may disclose them to non-parties to the litigation only as needed for the State Court Litigation, and only if the nonparty, including but not limited to experts retained by the parties to the State Court litigation, signs the form of acknowledgment attached to this Order. The parties to the State Court litigation shall not file these documents with or submit them to the state court or reproduce their contents in any court filing unless the document or filing is placed under seal or all reasonable efforts have been made to conceal the patient's identity, and as appropriate, a numerical or other designation for the patient's name substituted. Within ninety (90) days of the final conclusion of the State Court litigation, counsel for the parties to the State Court Litigation shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to counsel for the VA, or shall destroy them and certify in writing to the Assistant United States Attorney representing the VA that the documents have been destroyed.

(2) Designation of Material Subject to this Protective Order.

To designate "confidential" material covered by this Protective Order, the VA shall so designate, on the material itself, in an accompanying cover letter or on a disk label or disk container, by using the following designation: "CONFIDENTIAL HEALTH INFORMATION-SUBJECT TO PROTECTIVE ORDER."

(3) Confidential Health Information in Depositions.

The parties in this or the State Court Litigation may show deponents designated confidential documents. However, efforts should first be made, if practicable, to conceal the

identity of the subject of the record by coding the documents to substitute a numerical or other designation for the patient's name or other identifying information. The parties in the State Court Litigation may, within 30 business days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL HEALTH INFORMATION - SUBJECT TO PROTECTIVE ORDER." Until expiration of the thirty (30) day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order. If no party timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked. The provisions in paragraph (3) do not apply to expert witness depositions provided that the expert(s) execute the attachment identified as Exhibit "A."

(4) Confidential Health Information in Open Court.

The procedures for use of designated confidential documents during any hearing or the trial of the State Court Litigation shall be determined by the parties (and as appropriate, by the State Court) in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual patient identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and HIC numbers associated with the names of individual patients have been removed. No party shall disclose designated confidential documents in open Court without prior consideration by the Court in the State Court Litigation.

///

///

///

(5) Filing of documents.

The Clerk in the State Court Litigation should accept for filing under seal any documents or filings marked by the parties pursuant to paragraphs one through four above.

(6) Modification Permitted.

Nothing in this Order shall prevent any party in this or the State Court Litigation from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(7) No Waiver.

The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

(8) No Ruling on Discoverability Nor Admissibility.

This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any material in the State Court Litigation.

(9) Unauthorized Disclosure.

Should any Protected Health Information be disclosed in a manner not authorized by this Protective Order, through inadvertence or otherwise, by a party or non-party, then the party or non-party that made the unauthorized disclosure shall use his/her best efforts to obtain the return of any such protected health information and to bind the recipient of protected health information to the terms of this Order and shall, within seven (7) business days of the discovery of such disclosure, inform the recipient of protected health information of all provisions of this Order and identify such recipient to the party who designated the relevant protected health information. Nothing in his paragraph limits the remedies that the party who designated the relevant protected health information may pursue in the State Court or this Court, for breach of this Protective Order.

(10) Disclosure to Agencies or Departments of the VA.

Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the VA to disclose to any organization within any such agency or department of the VA,

or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

(11) Disclosures to Congress.

Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the VA to provide designated confidential documents to a Congressional entity; provided, however, that the VA shall notify the Congressional entity requesting the documents that the designated confidential documents have been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the VA's response thereto.

SO STIPULATED:

Respectfully submitted,

Dated: May 24, 2010.

BENJAMIN B. WAGNER
United States Attorney

By: /s/Alyson A. Berg
ALYSON A. BERG
Assistant U.S. Attorney
Attorneys for Defendant
Department of Veterans Affairs

Dated: May 14, 2010.

JACOBSON, HANSEN, NAJARIAN & McQUILLAN

By: /s/Steven M. McQuillan
Steven M. McQuillan
Attorneys for Plaintiffs

Dated: May 24, 2010.

PEREZ, WILLIAMS, MEDINA & RODRIGUEZ

By: /s/Eric V. Grijalva
Eric. V. Grijalva
Attorneys for Denise Harris

**IT IS SO ORDERED**.

Dated: May 27, 2010.

/s/ OLIVER W. WANGER
Honorable Oliver W. Wanger
United States District Court Judge

**Exhibit A**

I, ________________________, do solemnly swear that I am fully familiar with the terms of the Stipulation entered into in Charles James Ouzounian and Glenda Ouzounian, v. Veterans Administration , United States District Court for the Eastern District of California, Case No.1:10-cv-00349 and hereby agree to comply with and be bound by the terms and conditions of said Stipulation. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.